IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03084-NYW-SBP

JAMES WOO,

    Plaintiff,

v.

DE LA CRUZ, Officer,
BARR, Sergeant,
EDWARDS, Sergeant, and
COLORADO DEPARTMENT OF CORRECTIONS, Doe 1 and Doe 2,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before this court are: (1) Defendants Colorado Department of Corrections (CDOC), Moses Stancil, Myisha Barr, and Brennan Edwards's Motion to Dismiss Amended Complaint (ECF No. 51); and (2) Plaintiff's Motion to Amend and Supplement Complaint (ECF No. 67), as referred by the district court (ECF No. 52, ECF No. 68). This court respectfully **RECOMMENDS** that Defendants' motion to dismiss be **denied as moot** and that Plaintiff's motion to amend be **granted in part** and **denied in part**.

Plaintiff, a pro se state inmate in the custody of CDOC, initiated his civil action under 42 U.S.C. § 1983 on November 20, 2023. ECF No. 1. On August 15, 2024, United States Magistrate Judge Gurley reviewed the complaint to determine whether any of the claims were appropriate for summary dismissal under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and D.C.COLO.LCivR 8.1(b). ECF No. 19. The Recommendation concluded that Plaintiff's

1

amended complaint (ECF No. 15) should be dismissed in part and drawn in part. The district court adopted the Recommendation and ordered that certain claims be dismissed and certain claims be assigned to a presiding judge under D.C.COLO.LCivR 8.1(c). ECF No. 25. Defendants then moved to dismiss (ECF No. 51), and Plaintiff moved to amend (ECF No. 67). Defendants take no position on Plaintiff's effort to amend insofar as it pertains to his currently extant claims (Claims One and Five) or the claims dismissed under § 1915(e)(2)(B) (Claims Two, Three, and Four). ECF No. 70 at 3. Defendants do, however, oppose Plaintiff's motion as it pertains to Claim Six, as this claim was previously severed. *Id.* at 3-4. Plaintiff did not reply to Defendant's opposition to address this issue, which the court now considers conceded and waived. *See, e.g.*, *Smith v. Crockett*, No. 20-cv-00841-WJM-MEH, 2022 WL 3225119, at *3 (D. Colo. Aug. 10, 2022), *report and recommendation adopted*, 2022 WL 20527332 (D. Colo. Dec. 7, 2022) ("The Court notes that Plaintiff's reply brief does not address Defendants' vagueness or PLRA arguments. As such, he has waived argument on those issues.") (citing *Horne v. McCall*, 171 F. App'x 246, 247 n.1 (10th Cir. 2006)).

Accordingly, the court respectfully **RECOMMENDS** that Plaintiff's motion to amend (ECF No. 67) be **granted in part** and **denied in part**. Plaintiff will not be permitted to add Claim Six (previously Claim Nine in the Amended Complaint), and it is further recommended that that portion of the proposed Second Amended Complaint be **STRICKEN**. Plaintiff shall file a new, clean copy of the Second Amended Complaint without Claim Six with the Court within thirty (30) days (that is, on or by September 25, 2025).

Finally, it is **RECOMMENDED** that Defendants' motion to dismiss (ECF No. 51) be **denied as moot and without prejudice** to refiling a motion to dismiss directed at Plaintiff's Second Amended Complaint.[1]

DATED: August 25, 2025          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").