**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-03084-NYW-SBP

JAMES WOO,

      Plaintiff,

v.

DE LA CRUZ,
BARR,
EDWARDS,
COLORADO DEPARTMENT OF CORRECTIONS,
DOE 1, and
DOE 2,

      Defendants.

---

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Susan Prose, issued on August 25, 2025 ("the Recommendation"). [Doc. 71].[1]  Judge Prose recommends that this Court grant in part and deny in part Plaintiff's Motion to Amend and Supplement Complaint ("Motion to Amend"), [Doc. 67, filed May 19, 2025], and deny as moot Defendants' Motion to Dismiss Amended Complaint ("Motion to Dismiss"), [Doc. 51, filed February 11, 2025].  [Doc. 71 at 1].  For the reasons set forth below, the Court respectfully **ADOPTS** the Recommendation **in part** and **MODIFIES** it **in part, GRANTS in part** and respectfully **DENIES in part** the Motion to Amend, and respectfully **DENIES as moot** the Motion to Dismiss.

---

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ___] and identifies the page number as assigned by the ECF system.

Plaintiff James Woo ("Plaintiff" or "Mr. Woo") is an inmate in the custody of the Colorado Department of Corrections. [Doc. 1 at 2].[2]  Mr. Woo initiated this action pro se under 42 U.S.C. § 1983 on November 20, 2023, [*id.* at 3], and filed a First Amended Complaint on June 7, 2024, [Doc. 15].  Judge Prose further details the procedural history of this case in the Recommendation, and the Court will not repeat that history here.  [Doc. 71 at 1–2].  In the Recommendation, Judge Prose recommends that Plaintiff's most recent Motion to Amend[3] be granted as to Claims One through Five and denied as to Claim Six, which challenges the constitutionality of the methods used by certain Defendants in strip-searching Mr. Woo.  *See* [Doc. 71 at 2–3; Doc. 67-1].  The Recommendation states that Objections to the Recommendation must be filed within 14 days after its service on the Parties.  [Doc. 71 at 3 n.1]; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  The Recommendation was mailed to Plaintiff on August 25, 2025.  [Doc. 72].  Plaintiff filed Plaintiff's Objection to Recommendation of Magistrate Judge ("Objection") on September 11, 2025.  [Doc. 73].  The Court finds that it can rule on the Recommendation and Objection without awaiting a response from Defendants.

Plaintiff's Objection is limited to Judge Prose's recommendation regarding Claim Six.  *See* [*id.* at 2–6].  In the absence of an objection to the remainder of Judge Prose's Recommendation, a district court may review a magistrate judge's recommendation

---

[2] Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

[3] Mr. Woo's Motion to Amend includes a blank page, *see* [Doc. 67 at 2], but it does not appear that any substance is missing given the numbering of the paragraphs and the hand-numbering of the pages.  *Compare* [*id.* at 1], *with* [*id.* at 3].

under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court has reviewed the unobjected portion of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[4]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that the Recommendation, as it pertains to Claims One through Five, is thorough, well-reasoned, and a correct application of the facts and the law.  The Court respectfully **ADOPTS** the Recommendation **in part** to the extent it recommends granting Plaintiff's Motion to Amend with respect to Claims One through Five and to the extent it recommends denying Defendants' Motion to Dismiss as moot**.**

With respect to Plaintiff's attempt to include Claim Six in this action, Judge Prose states that "Plaintiff did not reply to Defendant[s'] opposition to address this issue, which the court now considers conceded and waived."  [Doc. 71 at 2].  In the Objection, Plaintiff argues that he did not reply to Defendants response to his Motion to Amend "because this Court expressly ordered that 'no reply will be permitted absent leave of court,'" meaning he could not address Defendants' arguments regarding Claim Six.  [Doc 73 at 2 (quoting [Doc. 65])].  Mr. Woo further highlights that the Honorable Richard T. Gurley previously recommended that Claim Six be "severed and dismissed without prejudice" and that Mr. Woo "proceed separately with his claim against these defendants in a

---

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

different action." [Doc. 19 at 23–25].[5]  Defendants implicitly concede that the intent of the Court was not to dismiss Claim Six outright, but to sever it into a separate action.  [Doc. 70 at 5].   However, as Mr. Woo states, *see* [Doc. 73 at 1–2], the Honorable Lewis T. Babcock ultimately dismissed the claim without prejudice without referencing severance, [Doc. 25 at 5].

Mr. Woo contends that Claim Six is now time-barred and respectfully contends that Judge Babcock dismissed Claim Six without considering the statute of limitations.  [Doc. 73 at 4–6].  Claim Six is rooted in events that took place on August 11, 2023.  [Doc. 67-1 at ¶ 75].  Mr. Woo argues that his "ability to pursue a state tort claim against Lieutenant Durcan for willful and wanton action would have expired" by the date of Judge Gurley's recommendation.  [Doc. 73 at 5 (citing Colo. Rev. Stat. § 13-80-103(1)(c))].  Judge Gurley issued his Recommendation on August 15, 2024, [Doc. 19], and Judge Babcock adopted Judge Gurley's Recommendation on October 23, 2024, [Doc. 25].

Without passing on the timeliness of Claim Six, this Court respectfully concludes that the Court inadvertently failed to open a new action upon the severance of Claim Six. Accordingly, the Court finds it appropriate to **MODIFY** the Recommendation **in part** and **DIRECT** the Clerk of Court to **OPEN** a new action ("New Action") to allow Mr. Woo to pursue Claim Six.[6]

Accordingly, it is **ORDERED** that:

---

[5] Judge Gurley and Judge Babcock both refer to Claim Six as "Claim 9."  [Doc. 19 at 23–25; Doc. 25 at 5].  However, after the dismissal of several claims, Judge Prose and the Parties refer to the pertinent claim as Claim Six, as it is reflected in Plaintiff's Motion to Amend, [Doc. 67 at 11; Doc. 71 at 2], and the Court does the same.

[6] Defendants retain the opportunity to answer or otherwise file motions to dismiss in the New Action, but the Court notes that any motions to dismiss that assert the statute of limitations as grounds for dismissal may be subject to an analysis of equitable tolling.

(1)    Plaintiff's Objection is **SUSTAINED in part** to the extent it asserts that Claim Six should be severed;

(2)    The Recommendation of United States Magistrate Judge [Doc. 71] is **ADOPTED in part**;

(3)    Plaintiff's Motion to Amend and Supplement Complaint [Doc. 67] is **GRANTED in part** to the extent Plaintiff seeks to assert Claims One through Five, and respectfully **DENIED in part** to the extent Plaintiff seeks to add Claim Six;

(4)    The Clerk of the Court is **DIRECTED to DOCKET** Plaintiff's proposed Second Amended Complaint [Doc. 67-1] separately as the Second Amended Complaint;[7]

(5)    Defendants' Motion to Dismiss Amended Complaint [Doc. 51] is **DENIED as moot** without prejudice;

(6)    The Clerk of Court is **DIRECTED** to open a New Action and to docket Plaintiff's proposed Second Amended Complaint, [Doc. 67-1] in the New Action;

(7)    The Clerk of Court is **DIRECTED** to mail a copy of the case information of the New Action to Plaintiff at the address indicated below;

(8)    Plaintiff **SHALL FILE** an amended complaint in the New Action reflecting Claim Six alone, with the new civil action number and against only the appropriate defendants, no later than October 17, 2025; and

---

[7] Given Plaintiff's pro se incarcerated status, this Court finds that it is most efficient simply to docket Plaintiff's proposed Second Amended Complaint and **ORDER** Claim Six to be **DISMISSED** as severed, without requiring Plaintiff to re-handwrite 28 pages of text.

(9)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

James Woo
# 179463
Centennial Correctional Facility
P.O. Box 600
Canon City, CO 81215

DATED:  September 17, 2025                 BY THE COURT:

_____
Nina Y. Wang
United States District Judge