**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 23-cv-03084-NYW-SBP

JAMES WOO,

Plaintiff,

v.

MOSES STANCIL,
ADRIENNE SANCHEZ,
STEPHANIE SANDOVAL,
DE LA CRUZ, Officer,
JARED POLIS,
PHIL WEISER,
LEE PUGA,
TERRI PICCIONI,
LONG, Case Manager,
EDWARDS, Sergeant, and
BARR, Sergeant,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge issued by the Honorable Susan Prose on September 30, 2026 ("Recommendation"). [Doc. 128]. In the Recommendation, Judge Prose recommends granting the three Motions to Dismiss that have been filed by Defendants [Doc. 87; Doc. 111; Doc. 113]; dismissing Claims One, Three, and Four of the Second Amended Prisoner Complaint ("Second Amended Complaint") with prejudice; dismissing Claim Two of the Second Amended Complaint without prejudice for lack of subject-matter jurisdiction; and declining to exercise supplemental jurisdiction over Claim Five of the

Second Amended Complaint and therefore dismissing it without prejudice. [*Id.*].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id*. at 73 n.20]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on September 30, 2026. *See* [Doc. 128]. No Party has objected to the Recommendation, and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. The Court specifically concludes that Judge Prose correctly recommends dismissing Claims One, Three, and Four with prejudice for failure to plead claims that are plausible as a matter of law, especially in light of Judge Prose's prior Order detailing the deficiencies in Mr. Woo's original complaint and the numerous opportunities that Mr. Woo has had to amend his complaint. *See* [Doc. 128 at 20, 28, 32–33, 37, 40–41, 43, 48, 50, 54–55, 60–62, 64; Doc. 11].

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Accordingly, it is **ORDERED** that:

(1) The Report and Recommendation of United States Magistrate Judge [Doc. 128] is **ADOPTED**;

(2) Motion to Dismiss Second Amended Complaint filed by Defendants Barr, Edwards, Stancil, Sanchez, Sandoval, Puga, and Long [Doc. 87] is **GRANTED**;

(3) The Governor and the Attorney General's Motion to Dismiss the Second Amended Complaint filed by Defendants Polis and Weiser [Doc. 111] is **GRANTED**;

(4) Defendants De La Cruz and Piccioni's Motion to Dismiss Second Amended Complaint [Doc. 113] is **GRANTED**;

(5) Claims One, Three, and Four of the Second Amended Complaint are **DISMISSED with prejudice**;

(6) Claim Two of the Second Amended Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

(7) The Court **DECLINES to exercise supplemental jurisdiction** over Claim Five of the Second Amended Complaint;

(8) Claim Five of the Second Amended Complaint is **DISMISSED** without prejudice;

(9) The Clerk of Court is **DIRECTED** to **ENTER final judgment** in favor of Defendants Barr, Edwards, Stancil, Sanchez, Sandoval, Puga, Long, Polis, Weiser, De La Cruz, and Piccioni, and against Plaintiff James Woo;

(10) Defendants are entitled to their costs pursuant to Federal Rule of Civil

Procedure 54(d) and D.C.COLO.LCivR 54.1; and

(11) The Clerk of Court is **DIRECTED** to **TERMINATE** this case.

DATED: October 23, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge